Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER & LISS PC
1000 Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JESSICA KELLOGG**, | Case No. 3:25-cv-01229 |
| Plaintiff, | |
| v. | COMPLAINT |
| **INTERFOR U.S. INC.**, | Unlawful Employment Practices (29 U.S.C. § 2615; ORS 657B.070; ORS 659A.030; ORS 659A.109; ORS 659A.112; ORS 659A.147; ORS 659A.171; ORS 659A.183; ORS 659A.199; ORS 659A.370; Wrongful Discharge) |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive

damages, attorney fees, and injunctive relief for herself to redress injuries done to

Page 1 – COMPLAINT

her by Defendant and/or officers, employees, or agents of said Defendant in contravention of her federally protected rights in violation of 29 U.S.C. § 2615 and her state protected rights in violation of Oregon anti-discrimination and anti-retaliation laws including ORS 657B.070, ORS 659A.030, ORS 659A.109, ORS 659A.112, ORS 659A.147, ORS 659A.171, ORS 659A.183, ORS 659A.199, ORS 659A.370, and common law wrongful discharge.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claim pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving rise to the claims occurred in this judicial district.

## General Factual Allegations

4.

Defendant was and is at all times mentioned herein a foreign corporation incorporated in Washington with its principal place of business in Georgia.

5.

Defendant transacted business, including but not limited to hiring and employing Plaintiff, in Clackamas County, Oregon.

6.

Plaintiff was at all material times herein domiciled in Estacada, Oregon. Plaintiff is currently domiciled in Texas.

///

Page 2 – COMPLAINT

7.

At all material times herein, Plaintiff was supervised by Defendant's agents, employees, supervisors, and management and Plaintiff relied on the actual or apparent authority of Defendant's agents, employees, supervisors, and management.

8.

Defendant discriminated against Plaintiff by subjecting Plaintiff to different terms and conditions of employment and terminating her employment because of Plaintiff's sex, pregnancy, familial status, and/or disabilities. Additionally, Defendant retaliated against Plaintiff for engaging in various protected activities.

9.

On or about October 7, 2021, Defendant offered Plaintiff a position as an Administrative Assistant in Molalla, Oregon with a start date of October 25, 2021. Plaintiff accepted the offer on or about October 12, 2021.

10.

On or about August 26, 2022, Defendant offered Plaintiff a promotion to Office and Human Resources ("HR") Coordinator with a start date of September 1, 2022. Plaintiff accepted the offer on August 29, 2022.

11.

On or about October 24, 2022, Defendant offered Plaintiff a promotion to Human Resources Coordinator of the Molalla Division with a start date of November 1, 2022. Plaintiff accepted the offer on October 25, 2022.

12.

On or about August 7, 2023, Plaintiff learned that she was pregnant. At about the same time, her husband left her. Shortly thereafter, Plaintiff informed Defendant that she was pregnant and her husband had left her.

Page 3 – COMPLAINT

13.

At the recommendation of Plaintiff's employer, Plaintiff took time off from work from Wednesday, August 16, 2023 through Tuesday, August 22, 2023 for her mental health.

14.

On or about August 30, 2023, Defendant met with Plaintiff and provided her with a "Letter of Expectations," which Plaintiff understood was disciplinary. The Letter provided that Plaintiff needed to improve her performance in (1) responding in a timely manner to internal employees and third party vendors; (2) consistently and timely following through on initiatives related to employee relations, engagement, trainings, recruitment, benefit administration, pay inquires, and diversity actions; and (3) being on time for scheduled meetings and being prepared to engage in conversations and provide relevant feedback. The letter further stated, "You will conduct yourself in a professional manner that is expected of all Interfor leaders, which includes being present in the workplace and limiting external distractions which may inhibit your ability to perform your required tasks." The letter also indicated that Plaintiff would have "regular check-in meetings to review progress and provide feedback."

15.

On or about September 6, 2023, Plaintiff provided a note to Defendant from her healthcare provider which stated that Plaintiff "is unable to travel due to pregnancy and risks to the pregnancy. I am requesting that this be approved for medical reasons."

16.

On or about November 8, 2023, Defendant placed Plaintiff on a 90-Day Performance Improvement Plan ("PIP"). The PIP listed the following "areas of

Page 4 – COMPLAINT

continued concern requiring [Plaintiff's] action and attention:" (1) timely response to inquires from employees and third party vendors; (2) be on time for scheduled meetings and be prepared to engage in conversations and provide relevant feedback; (3) review Kronos throughout the week to ensure accuracy of pay for employees; (4) demonstrate Defendant's Core Value "We respect, value, and engage our employees" through regular interaction with employees"; (5) seek out support from Regional HR when needed; and (6) commit to spending one week in Port Angeles prior to December 31, 2023 to observe the Senior HR Generalist perform her duties.

17.

During conversations with a manager of Defendant, Plaintiff stated that she felt Defendant was "targeting" Plaintiff and was "making [Plaintiff's] job difficult" (or words to that effect) since Defendant learned of Plaintiff's pregnancy and that she was getting divorced.

18.

On or about December 12, 2024, Plaintiff's doctor placed her on light duty because she had a "high risk" pregnancy. Specifically, Plaintiff's medical care team recommended Plaintiff be limited to lifting under 25 pounds and minimizing continuous walking up and down stairs when possible. Despite Plaintiff's light duty status, Defendant continued requiring Plaintiff to go into the mill to complete attestation reports, drug screens, company luncheons, and to generally meet face-to-face with employees, which required Plaintiff to climb and descend stairs often. On occasion, Defendant required Plaintiff to work at employee appreciation events including luncheons, which required a substantial amount of standing and lifting over 25 pounds during shifts of up to 16 hours.

///

///

Page 5 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

19.

In or about early-to-mid-December of 2024, Defendant required Plaintiff to travel to Port Angeles for approximately four days despite the September 6, 2023 letter from Plaintiff's doctor indicating that Plaintiff was unable to travel due to her pregnancy.

20.

On or about January 19, 2024, Plaintiff's medical care team recommended Plaintiff work remotely, citing the Pregnant Workers Fairness Act. Plaintiff understood this recommendation was made at least in part due to Defendant's failure to abide by Plaintiff's light duty restrictions.

21.

On or about February 8, 2024, Plaintiff successfully completed her 90-day probationary period from the PIP dated November 8, 2023.

22.

On or about February 15, 2024, Plaintiff began her preplanned medical leave.

23.

On or about February 24, 2024, Plaintiff was admitted to the hospital and on February 25, she had her baby 10 weeks early.

24.

In or about early July of 2024, Plaintiff went into the mill with her baby. She informed Defendant that her daughter was in the neonatal intensive care unit for a month after she was born and that her daughter was still experiencing some medical issues. Plaintiff also told Defendant that her divorce was final. Finally, Plaintiff informed Defendant that she planned to return to work on July 15, 2024, which was earlier than she anticipated because she needed to get back to work to support her family.

Page 6 – COMPLAINT

25.

Plaintiff returned to work on or about July 15, 2024, which was about two weeks prior to the end of her allowed family leave. When Plaintiff arrived at work, she was met at the door by the Mill Manager who terminated Plaintiff's employment effective immediately, stating in part that the company was "going in a different direction" and that continuing to work for Defendant would be "too hard for [Plaintiff]" or words to that effect.

26.

Defendant presented Plaintiff with a General Release and Agreement. The Agreement included various non-monetary provisions, including but not limited to a release by Plaintiff of potential claims and confidentiality as to the terms of settlement. Plaintiff did not sign the Agreement.

**First Claim for Relief**

**ORS 659A.030 – Discrimination**

27.

Plaintiff realleges paragraphs 1 through 26 above as fully set forth herein.

28.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to discipline, placing her on a PIP, and/or terminating her employment on the basis of her sex and/or marital status in violation of ORS 659A.030.

29.

For purposes of ORS 659A.030, the phrase "because of sex" includes, but is not limited to, because of pregnancy, childbirth, and related medical conditions or occurrences.

///

Page 7 – COMPLAINT

30.

As a direct and proximate result of Defendant's conduct, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of benefits including medical insurance, loss of prestige, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

31.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer to some degree stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of confidence, difficulty obtaining a new job, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

32.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

33.

Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements pursuant to ORS 659A.885 and ORS 20.107.

34.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice with constitutes unlawful discrimination and/or retaliation under Oregon law.

///

Page 8 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

## Second Claim for Relief

## ORS 659A.030 – Retaliation

35.

Plaintiff realleges paragraphs 1 through 34 above as fully set forth herein.

36.

Defendant discharged, expelled, and/or otherwise discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices that violated ORS 659A, and/or because Plaintiff filed a complaint, testified or assisted in any proceeding under ORS 659A or has attempted to do so.

37.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

## Third Claim for Relief

## ORS 659A.147(1)(a) – Pregnancy Discrimination and/or Retaliation

38.

Plaintiff realleges paragraphs 1 through 37 above as fully set forth herein.

39.

Defendant employs six or more persons in the State of Oregon.

40.

Defendant denied employment opportunities to Plaintiff in violation of ORS 659A.147(1)(a) in substantial part because of Plaintiff's pregnancy; known limitations related to pregnancy, childbirth, and/or a related medical conditions; and/or Defendant's need to make reasonable accommodations to the known limitations.

///

Page 9 – COMPLAINT

41.

As a direct and proximate result of Defendant's conduct, Plaintiff has incurred economic damages including lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of benefits including medical insurance, loss of prestige, and/or loss of future job opportunities in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

42.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer to some degree stress, sadness, crying, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of confidence, difficulty obtaining a new job, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial, pursuant to ORS 659A.885(5).

43.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

44.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

45.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice with constitutes unlawful discrimination and/or retaliation under Oregon law.

///

Page 10 – COMPLAINT

## Fourth Claim for Relief

### ORS 659A.147(1)(c) – Pregnancy Discrimination and/or Retaliation

46.

Plaintiff realleges paragraphs 1 through 45 above as fully set forth herein.

47.

Defendant took adverse employment actions against Plaintiff and/or discriminated and/or retaliated against Plaintiff, with respect to tenure or any other term or condition of employment in violation of ORS 659A.147 in substantial part because Plaintiff inquired about, requested, or used a reasonable accommodation for a known limitation due to pregnancy.

48.

Plaintiff realleges her damages as stated in paragraphs 41 through 45 above.

## Fifth Claim for Relief

### ORS 659A.147(1)(b) – Denial of Pregnancy Accommodation

49.

Plaintiff realleges paragraphs 1 through 48 above as fully set forth herein.

50.

Defendant failed and/or refused to make reasonable accommodations of known pregnancy limitations in violation of ORS 659A.147.

51.

Plaintiff realleges her damages as stated in paragraphs 41 through 45 above.

## Sixth Claim for Relief

### ORS 659A.112 – Disability/Perceived Disability Discrimination

52.

Plaintiff realleges paragraphs 1 through 51 above as fully set forth herein.

///

Page 11 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

53.

At all material times, Plaintiff was a qualified person with disabilities as defined by ORS 659A.104. Plaintiff's disabilities substantially limit one or more major life activity, including but not limited to standing, walking, and lifting. Despite Plaintiff's disabilities, perceived disabilities, and/or record of disabilities, she was able to perform each essential function of her positions with Defendant at times with and at other times without reasonable accommodation(s).

54.

Defendant knew about Plaintiff's disabilities at all material times.

55.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disabilities.

56.

Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights, including but not limited to subjecting her to discipline, placing her on a PIP, and/or terminating her employment. Defendant's actions were substantially motivated by Plaintiff's disabilities, her perceived disabilities, and/or her record of disabilities, and constitute unlawful disability discrimination in violation of ORS 659A.112.

57.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

**Seventh Claim for Relief**

**ORS 659A.109 – Disability/Perceived Disability Retaliation**

58.

Plaintiff realleges paragraphs 1 through 57 above as fully set forth herein.

///

Page 12 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

59.

Plaintiff engaged in protected activity under ORS 659A.109, including but not limited to requesting reasonable accommodations for her disabilities. Defendant was on notice of its duty to engage in the interactive process and to provide reasonable accommodations for Plaintiff's disabilities.

60.

Defendant retaliated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to discipline, placing her on a PIP, and/or terminating her employment in violation of ORS 659A.109 for engaging in protected activity.

61.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

**Eighth Claim for Relief**

**29 U.S.C. § 2615 – FMLA Interference**

62.

Plaintiff realleges paragraphs 1 through 61 above as fully set forth herein.

63.

On information and belief, at all material times, Defendant employed at least 50 employees in the United States.

64.

Plaintiff worked at least 1,250 hours during the 12-month period immediately preceding the leave.

65.

Plaintiff inquired about, utilized, and/or attempted to utilize leave that was protected under federal law.

66.

As set forth above, Defendant visited negative consequences on Plaintiff, including but not limited to subjecting her to discipline, placing her on a PIP, and/or

Page 13 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

terminating her employment, for invoking, utilizing, and/or attempting to utilize leave protected under Family and Medical Leave Act ("FMLA").

67.

As a result of Defendant's violation of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

68.

Plaintiff is entitled to interest on the amount of damages alleged in paragraph 67 calculated at the prevailing rate pursuant to 26 U.S.C. § 2617(a)(1)(A)(ii).

69.

Plaintiff is entitled to liquidated damages equal to the sum of the amount described in paragraph 67 plus the interest described in paragraph 68 pursuant to 26 U.S.C. § 2617(a)(1)(A)(iii).

70.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

71.

Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements pursuant to pursuant to 26 U.S.C. § 2617(a)(3).

///

///

///

///

Page 14 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

## Ninth Claim for Relief

## ORS 657B.070 – Family and Medical Leave Insurance Interference, Discrimination, and/or Retaliation

72.

Plaintiff realleges paragraphs 1 through 71 above as fully set forth herein.

73.

Plaintiff earned at least $1,000 during the prior year working for Defendant.

74.

Plaintiff invoked her need for and/or utilized leave that was protected under Oregon law.

75.

As set forth above, Defendant violated ORS 657B.060, denied or interfered with leave requested by Plaintiff, and/or discriminated and/or retaliated against Plaintiff for invoking her need for and/or utilizing or attempting to utilize leave protected by Paid Leave Oregon by taking adverse employment actions against Plaintiff, including but not limited to subjecting her to discipline, placing her on a PIP, and/or terminating her employment.

76.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

## Tenth Claim for Relief

## ORS 659A.171, ORS 659A.183 – OFLA Interference, Discrimination, and/or Retaliation

77.

Plaintiff realleges paragraphs 1 through 76 above as fully set forth herein.

78.

At all material times, Defendant employed 25 or more employees.

Page 15 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

79.

At all material times, Plaintiff worked on average at least 25 hours per week.

80.

Plaintiff invoked her need for and/or utilized leave that was protected under Oregon law.

81.

As set forth above, Defendant denied, interfered with, discriminated, and/or retaliated against Plaintiff for invoking her need for and/or utilizing or attempting to utilize leave protected under OFLA by taking adverse employment actions against Plaintiff, including but not limited to subjecting her to discipline, placing her on a PIP, and/or terminating her employment.

82.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic damage in an amount to be proven at trial, including but not limited to damages for loss of employment, lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities. Plaintiff will continue to have lost income and benefits into the future.

83.

Pursuant to ORS 659A.885, Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements.

84.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

Page 16 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

85.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice that constitutes unlawful discrimination and/or retaliation under Oregon law.

## Eleventh Claim for Relief

### Wrongful Discharge

86.

Plaintiff realleges paragraphs 1 through 85 above as fully set forth herein.

87.

At all material times, the public policy of Oregon prohibits an employer from retaliating against an employee for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected OFLA leave. This public policy is embodied in common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including but not limited to ORS 659A.183. *See Yeager v. Providence Health System Oregon*, 195 Or App 134 (2004).

88.

Defendant, through its agents and/or employees, violated the above public policies by denying, failing to provide, interfering with, discriminating, and/or retaliating against Plaintiff for inquiring about and/or invoking her rights and/or utilizing and/or attempting to utilize protected leave. Defendant terminated Plaintiff's employment because she engaged in protected activity. Defendant's termination of Plaintiff's employment was unlawful and in violation of the public policy of the State of Oregon.

///

///

Page 17 – COMPLAINT

89.

Defendant's termination of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which are of important public interest.

90.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

## Twelfth Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

91.

Plaintiff realleges paragraphs 1 through 90 above as fully set forth herein.

92.

Defendant retaliated against Plaintiff in the terms and conditions of her employment in various ways, including but not limited to subjecting her to discipline, placing her on a PIP, and/or terminating her employment in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

93.

In perpetrating the actions described in the above paragraphs, Defendant violated ORS 659A.199, causing Plaintiff to suffer damages.

94.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

## Thirteenth Claim for Relief

### ORS 659A.370 – Oregon Workplace Fairness Act

95.

Plaintiff realleges paragraphs 1 through 94 above as fully set forth herein.

///

Page 18 – COMPLAINT

96.

Defendant made an offer of settlement conditional upon a request to include provisions in the agreement that violated ORS 659A.370.

97.

Pursuant to ORS 659A.370(5), Plaintiff is entitled to recover a civil penalty of $5,000 per violation.

98.

Plaintiff realleges her damages as stated in paragraphs 30 through 34 above.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any discrimination or from retaliating against any employee opposing unlawful employment practices;

2. Economic damages and future losses to be determined at trial;

3. Liquidated damages in an amount to be determined at trial;

4. Noneconomic damages to be determined at trial;

5. Punitive damages in an amount to be determined at trial;

6. Civil penalty in the amount of $5,000 per each statutory violation;

7. Prejudgment and post judgment interest as appropriate and allowed by law;

8. Reasonable costs, disbursements, and attorney fees; and

///

///

///

///

///

///

Page 19 – COMPLAINT

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800

9.    For such other and further relief as the Court may deem just and equitable.


A TRIAL BY JURY IS HEREBY DEMANDED


DATED this 14th day of July, 2025.


BAKER & LISS PC


*s/ Serena L. Liss*
Aaron W. Baker OSB No. 922220
Serena L. Liss OSB No. 154799
Attorneys for Plaintiff

BAKER & LISS PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
PHONE: (503) 234-8800